# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STEVEN L. INSKEEP,

    :

    Plaintiff,                                         Case No. 3:04-cv-139

    :                District Judge Walter Herbert Rice

  -vs-                                              Magistrate Judge Michael R. Merz

PEOPLES SAVINGS BANK, et al.,

    :

    Defendant.

---

**REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION**

---

       This case is before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 11) of the Court's decision dismissing claims against Judge Roger Wilson on grounds of judicial immunity. In it he writes eloquently of the injustice he perceives in judicial immunity. He is correct in asserting that judges are not immune from criminal liability, but this is of course a civil case.

       The burden of the decision is not that judges can do no wrong. Rather, it is that they cannot be sued civilly for wrong acts they do in the course of adjudicating cases, even extremely wrong acts such as taking bribes. See *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978). Judge Learned Hand wrote the classic justification of official immunity over fifty years ago.

> It does indeed go without saying that an official who is in fact guilty of using his powers to vent his spleen upon others, or for any other motive not connected with the public good, should not escape liability for the injuries he may so cause; and, if it were possible in practice to confine such complaints to the guilty, it would be monstrous to deny recovery. The justification for doing so is that it is impossible to know whether the

1

> claim is well founded until the case has been tried, and that to submit all officials, the innocent as well as the guilty, to the burden of a trial and to the inevitable danger of its outcome, would dampen the ardor of all but the most resolute, or the most irresponsible, in the unflinching discharge of their duties. Again and again the public interest calls for action which may turn out to be founded on a mistake, in the face of which an official may later find himself hard put to satisfy a jury of his good faith.

*Gregoir v. Biddle*, 177 F. 2d 579, 581 (2d Cir. 1949). But even if this Court were unpersuaded of Judge Hand's logic, it would still be bound by the precedent cited in the Report and Recommendations which led to dismissal in the first place.

Therefore, the Motion for Reconsideration should be denied.

September 24, 2004.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).