# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STEVEN L. INSKEEP,

    Plaintiff,

:

Case No. 3:04-cv-139

:

-vs-

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

PEOPLES SAVINGS BANK, et al.,

:

    Defendants.

## REPORT AND RECOMMENDATIONS ON MOTION TO DISMISS

This case is before the Court on Motion of Defendants Peoples Savings Bank, Brice Kadel, and Brett Gilbert to Dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 27). Plaintiff has filed a memorandum in opposition (Doc. No. 33).

As a *pro se* civil rights litigant, Plaintiff is entitled to a liberal construction of his pleadings. *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976), citing *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Reading the Amended Complaint liberally, the Court finds that it alleges a conspiracy among the moving Defendants, Judge Wilson, and Defendant Jenkins to deprive Plaintiff of his property interest in a mushroom farm by depriving him of a fair hearing in the foreclosure proceedings for that farm by telling subpoenaed witnesses they did not have to attend. It further alleges that Plaintiff learned of the underlying conspiracy among the moving Defendants and Mr. Jenkins in May, 2000.

The statute of limitations for an action under 42 U.S.C. §1983 is two years. Ohio Revised Code §2305.10. *Browning v. Pendleton,* 869 F. 2d 989 (6th Cir. 1989)(*en banc*). This action was

1

not filed until April 28, 2004, almost four years after the asserted discovery of the fraud. Thus Plaintiff's §1983 action should be dismissed with prejudice as barred by the statute of limitations.

Plaintiff also purports to plead a civil RICO claim. The statute of limitations on such claims is four years. *Agency Holding Corp. v. Malley-Duff & Associates, Inc.,* 483 U.S. 143, 156, 97 L. Ed. 2d 121, 107 S. Ct. 2759 (1987). The statute begins to run from, at the latest, the date on which the plaintiff discovered his RICO injury. *Rotella v. Wood*, 528 U.S. 549, 120 S. Ct. 1075; 145 L. Ed. 2d 1047 (2000). Plaintiff alleges that he discovered both his RICO injury and the RICO conspiracy in May, 2000, within four years before the date on which he filed the Complaint. Thus the RICO claims are not barred by the applicable statute of limitations.

Defendants also assert that Plaintiff has not alleged any "racketeering" activity in the Amended Complaint. Rather than respond by pointing to specific allegations, Plaintiff responds with sarcastic hyperbole, comparing Defendants to wolves, predators, and Nazis. While the Plaintiff's writing is colorful and eloquent, color does not substitute for factual allegation. The Amended Complaint on its face does not state a claim for relief under RICO.

As the moving Defendants note, Plaintiff has been given leave to amend once before in response to a motion to dismiss and has failed to plead a viable claim despite that opportunity. Accordingly, it is respectfully recommended that this action be dismissed with prejudice as to the moving Defendants.

November 24, 2004.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically

extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).