# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STEVEN L. INSKEEP,
:
    Plaintiff,                                 Case No. 3:04-cv-139

:       District Judge Walter Herbert Rice
-vs-                                 Chief Magistrate Judge Michael R. Merz

PEOPLES SAVINGS BANK, et al.,
:
    Defendants.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION OR, IN THE ALTERNATIVE, FOR A CERTIFICATE OF APPEALABILITY

This case is before the Court on Plaintiff's Motion for Reconsideration or, in the Alternative, for a Certificate of Appealability (Doc. No. 48). As a post-judgment matter, this Motion is referred to the Magistrate Judge for report and recommendations under 28 U.S.C. §636(b)(3).

The Court treats the Motion for Reconsideration as a motion to amend the judgment under Fed. R. Civ. P. 59; it was filed within the ten-day time limit for such motions.

In the Motion, Plaintiff seeks reconsideration of the Court's decision that his action under 42 U.S.C. §1983 is barred by the statute of limitations. Plaintiff asserts that "The 42 § 1983 claims are not time barred as the acts complained of began in 2000 but continued to Feb. 13, 2004; part and parcel of using the local legal system as part of a blockading/obstructing mechanism to deprive plaintiff/writer Inskeep of any opportunity to seek redress for crimes fomented against him by well-heeled and protected fraudsters." (Doc. No. 48 at 3.)

The Complaint in this case was filed April 29, 2004, well within two years after February 13, 2004. However, the only acts alleged to have occurred on February 13, 2004, are an attempt by one

1

Harvey Davidson to have Judge Wilson grant permission for some unnamed party (John Doe I) to destroy some of Plaintiff's property. Plaintiff had attempted to add Harley Davidson to the case by amendment to the Complaint without permission and those allegations were stricken (Doc. No. 26). The allegations of misconduct with respect to the parties originally sued revolved around the foreclosure action in 2000 and Plaintiff's asserted discovery of the fraud committed by them in August, 2000. Those acts are well outside the statute of limitations.

Thus the Plaintiff has not shown any error in the Court's dismissal with prejudice of the §1983 claims on statute of limitations grounds and the judgment should not be amended on that basis.

Plaintiff's alternative Motion for Certificate of Appealability is moot. Only a habeas corpus petitioner needs a certificate of appealability; a civil litigant can file an appeal without any such permission.

October 10, 2005.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).